UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZOND, INC.,<br><br>                    Plaintiff,<br><br>v.<br><br>TOSHIBA CORPORATION,<br>TOSHIBIA AMERICA, INC.,<br>TOSHIBA AMERICA ELECTRONIC<br>COMPONENTS, INC., and<br>TOSHIBA AMERICA INFORMATION<br>SYSTEMS, INC.,<br><br>                    Defendants. | CIVIL ACTION NO. _____<br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

        Plaintiff Zond, Inc. ("Zond") files this Complaint for Patent Infringement

("Complaint") against Defendants Toshiba Corporation; Toshiba America, Inc.; Toshiba

America Electronic Components, Inc.; and Toshiba America Information Systems, Inc.

(collectively, "Toshiba"), wherein, pursuant to 35 U.S.C. §§ 271 and 281, Zond seeks a

judgment of infringement by Toshiba of U.S. Patent Nos. 6,853,142 (the "'142 Patent"),

6,806,652 (the "'652 Patent"), 7,604,716 (the "'716 Patent"), 7,147,759 (the "'759 Patent"),

7,811,421 (the "'421 Patent"), 6,805,779 (the "'779 Patent"), 7,808,184 (the "'184 Patent"),

and 8,125,155 (the "'155 Patent") and damages resulting therefrom pursuant to 35 U.S.C. §

284, as well as preliminary and permanent injunction of the infringing activity pursuant to 35

U.S.C. § 283, and such other relief as the Court deems just and proper, and in support thereof

alleges as follows:

**The Parties**

1.      Zond is a Delaware corporation with a principal place of business at 137A High Street   Mansfield, MA 02048.  Zond wholly owns Zpulser, LLC ("Zpulser"), also based in Mansfield, MA.  Zpulser commercializes Zond's patented technology by manufacturing and selling unique high-power plasma generators.

2.      On information and belief, Defendant Toshiba Corporation is a Japanese corporation with its principal place of business at1-1, Shibaura 1-chome, Minato-ku, Tokyo 105-8001, Japan.

3.      On information and belief, Defendant Toshiba America, Inc. is a New York corporation with its principal place of business at 1251 Avenue of the Americas, Suite 4110, New York, NY 10020.  On information and belief, Toshiba America, Inc. is a holding company for Toshiba Corporation and is controlled by and/or acts as an agent of Toshiba Corporation.

4.      On information and belief, Defendant Toshiba America Electronic Components, Inc. is a California corporation with its principal place of business at 19900 MacArthur Blvd., Suite 400, Irvine, CA 92612.  On information and belief, Toshiba America Electronic Components, Inc. is a subsidiary of Toshiba America, Inc. and is controlled by and/or acts as an agent of Toshiba Corporation and Toshiba America, Inc.

5.      On information and belief, Defendant Toshiba America Information Systems, Inc. is a California corporation with its principal place of business at 9740 Irvine Boulevard, Irvine, California 92618.  On information and belief, Toshiba America Information Systems, Inc. is a subsidiary of Toshiba America, Inc. and is controlled by and/or acts as an agent of Toshiba Corporation and Toshiba America, Inc.

2

**Jurisdiction and Venue**

6.     This Court has subject matter jurisdiction over this action pursuant to 28

U.S.C. §§ 1331 and 1338(a) because the action concerns infringement of a United States

patent.

7.     This Court has personal jurisdiction over Toshiba at least by virtue of Toshiba

having conducted business in this District and having committed one or more acts of

infringement in this District.

8.     Venue is proper under 28 U.S.C. §§ 1391 and 1400.

**The Eight (8) Patents-in-Suit**

9.     Zond is the owner of the '142 Patent entitled "Methods and Apparatus for

Generating High-Density Plasma," which the United States Patent & Trademark Office

lawfully and duly issued on February 8, 2005.  A true and correct copy of the '142 Patent is

attached hereto as Exhibit A.

10.     Zond is the owner of the '652 Patent entitled "High-Density Plasma Source

Using Excited Atoms," which the United States Patent & Trademark Office lawfully and duly

issued on October 19, 2004.  A true and correct copy of the '652 Patent is attached hereto as

Exhibit B.

11.     Zond is the owner of the '716 Patent entitled "Methods and Apparatus for

Generating High-Density Plasma," which the United States Patent & Trademark Office

lawfully and duly issued on October 20, 2009.  A true and correct copy of the '716 Patent is

attached hereto as Exhibit C.

12.     Zond is the owner of the '759 Patent entitled "High-Power Pulsed Magnetron

Sputtering," which the United States Patent & Trademark Office lawfully and duly issued on

December 12, 2006.  A true and correct copy of the '759 Patent is attached hereto as Exhibit D.

13.     Zond is the owner of the '421 Patent entitled "High Deposition Rate Sputtering," which the United States Patent & Trademark Office lawfully and duly issued on October 12, 2010.  A true and correct copy of the '421 Patent is attached hereto as Exhibit E.

14.     Zond is the owner of the '779 Patent entitled "Plasma Generation Using Multi-Step Ionization," which the United States Patent & Trademark Office lawfully and duly issued on October 19, 2004.  A true and correct copy of the '779 Patent is attached hereto as Exhibit F.

15.     Zond is the owner of the '184 Patent entitled "Methods and Apparatus for Generating Strongly-Ionized Plasmas with Ionizational Instabilities," which the United States Patent & Trademark Office lawfully and duly issued on October 5, 2010.  A true and correct copy of the '184 Patent is attached hereto as Exhibit G.

16.     Zond is the owner of the '155 Patent entitled "Methods and Apparatus for Generating Strongly-Ionized Plasmas with Ionizational Instabilities," which the United States Patent and Trademark Office lawfully and duly issued on February 28, 2012.  A true and correct copy of the '155 Patent is attached hereto as Exhibit H.

## FACTUAL BACKGROUND

### 1.     Zond's Patented Technology

17.     Founded in 2002, Zond is a technology development company based outside of Boston in Mansfield, Massachusetts.  With its President and Co-Founder Dr. Roman Chistyakov at the helm, Zond has been developing a unique plasma discharge technology, which is protected by over 30 patents and patent applications pending throughout the world,

4

including 18 patents that have issued in the United States.  Dr. Chistyakov is the named

inventor on all eight (8) of Zond's patents-in-suit.  These patents are generally directed to the

generation, use and/or applications of a unique plasma discharge technology that employs a

strongly ionized plasma of commercial significance and has wide-ranging applicability in

various industries, as described further below.

18.     In 2005, Zpulser was created as the marketing and sales arm of Zond to

commercialize Zond's patented technology.  Zpulser offers a revolutionary product line of

plasma generators that are commercially practicable and allow for use of the technology in an

industrial manufacturing environment.  For example, Zpulser's plasma generators address the

importance of voltage rise time, amplitude and/or duration for generating and using strongly

ionized plasmas without the detrimental effects of arc discharges, in a manufacturing

environment.

19.     Zond's strongly ionized plasma technology has application in various

industries ranging from consumer products such as razor blades to electronics such as

semiconductor chips and flat panel displays, which provides numerous competitive

advantages over alternative and older technology.  For example, in the semiconductor chip

industry, Zond's patented technology allows certain types of strongly ionized plasmas to be

generated in an industrial manufacturing environment.  Such plasmas can be used for certain

critical manufacturing steps for semiconductor chips made using the latest generation of 32

nm and smaller semiconductor process technology.  These applications range from forming

the critical copper-based interconnects to the unique transistor structures necessary in these

new generations of chips.

20.     In particular, Zond's patented technology is an enabling technology that can be

used to fabricate such chips using a copper interconnect process with exceptional step coverage and seed layer integrity at lower cost per wafer than alternative technologies. The process provides a way to deposit effective barrier and seed layers for the critical interconnects used in chips manufactured using 32 nm and smaller semiconductor process technology. For example, the manufacturing process for such barrier and seed layers require a way to generate a high-density plasma in order to increase the ionization rate of the sputtered materials such as tantalum, titanium and copper (and other alloys) for use in high-aspect ratio deposition processes. Zond's patented technology can be used to generate such materials, thus facilitating the speed and reliability of the critical copper interconnects needed for chips manufactured using 32 nm and smaller process technology.

21.     In addition, Zond's patented technology can be used to deposit the metal films that form the heart of the semiconductor industry's smaller, faster, metal gate transistors manufactured using 32 nm and smaller process technology. Over the past few years, as transistor devices have scaled down, higher aspect ratios have made it more difficult for conventional plasma technology to fill narrow and deep structures while avoiding plasma damage. Zond's patented technology has provided a unique strongly ionized plasmas that has enabled such narrow and deep structures to be filled with the necessary metals in a cost-effective manner. For example, Zond's patented technology allows consistent layers of metal such as NiPt (and other alloys) to be formed at the bottom of the narrow and deep contact holes necessary for chips manufactured using 32 nm and smaller process technology. Zond's patented technology can be used to generate the high-density plasmas in order to increase the ionization rate of the sputtered material needed in such deposition processes.

## 2.   Toshiba's Infringing Products

22.   Toshiba designs and manufactures advanced semiconductor devices, including NAND memory and integrated circuits made from Complimentary Metal-Oxide Semiconductor devices ("CMOS devices").

23.   Toshiba's memory and CMOS devices are constructed using semiconductor circuit technology.  This technology, along with related advances in semiconductor processing, allows Toshiba to manufacture memory cells (the fundamental building block of digital semiconductor memory) and transistors at smaller and smaller distances between relevant components resulting in higher density and more complex circuits.

24.   Toshiba's integrated circuit manufacturing continues to use techniques that use smaller and smaller features for various product cycles.  The size of the smallest parts of a memory cell is generally referred to by Toshiba as a "class."  Toshiba's smallest manufacturing classes are now 32, 28, 24 and 19/20 nanometers ("nm").  A move to devices using smaller manufacturing classes is expected in the near future.

25.   In order to manufacture memory and other devices at the 32, 28, 24 and 19/20 nm and smaller classes ("Accused Classes"), unique manufacturing processes had to be developed by or for Toshiba that, on information and belief, employ Zond's patented technology for generating and using strongly ionized plasmas in a manufacturing environment.  On information and belief, the infringing devices include those made using process steps that employ strongly ionized plasmas including, but not limited to, processes for depositing interconnects and contacts, and metal for metal gate transistors, as well as other methods of generating and using strongly ionized plasmas to form 32, 28, 24 and 19/20 nm class and smaller devices.  The infringing chips include, on information and belief, Toshiba's

32, 28, 24 and 19/20 nm class and smaller devices including, but not limited to, its NAND

memory devices, integrated circuits made from CMOS devices, Custom SoC/ASIC devices as

well as other semiconductor devices within the Accused Classes (collectively, the "Infringing

Products").  The Infringing Products include, but are not limited to, the following types of

offerings:  e-MMC™ NAND, BENAND™, SLC NAND Flash, and Toggle-Mode NAND.

Discovery is expected to uncover the full extent of Toshiba's unlawful use of Zond's patented

plasma technology beyond these accused devices already identified through public

information.

### FIRST CLAIM FOR RELIEF
### (Infringement of the '142 Patent)

26.      Zond incorporates by reference paragraphs 1 through 25 of the Complaint as if

set forth here in full.

27.      Upon information and belief, Toshiba has been and is currently directly

infringing one or more claims of the '142 Patent by making, using, offering to sell, and/or

selling within the United States, and/or importing into the United States, without authority, the

Infringing Products.

28.      Upon information and belief, upon knowledge of the '142 Patent, Toshiba is

contributing to the infringement of, and/or inducing infringement of the '142 Patent by,

among other things, knowingly and with intent, actively encouraging its customers, suppliers,

original equipment manufacturers ("OEMs") and original design manufacturers ("ODMs"), to

make, use, sell and/or offer for sale Toshiba's Infringing Products in a manner that constitutes

infringement of one or more claims of the '142 Patent. There are no substantial uses of the

Infringing Products made, used, sold, or offered for sale by Toshiba that do not infringe one or

more claims of the '142 Patent.

29.     As a result of Toshiba's unlawful infringement of the '142 Patent, Zond has suffered and will continue to suffer damage.  Zond is entitled to recover from Toshiba the damages adequate to compensate for such infringement, which have yet to be determined.

30.     Any further manufacturing, sales, offers for sale, uses, or importation by Toshiba of the Infringing Products will demonstrate a deliberate and conscious decision to infringe the '142 Patent or, at the very least, a reckless disregard of Zond's patent rights.  If Toshiba continues to manufacture, use, offer to sell, sell, and/or import the Infringing Products following its notice of the '142 Patent claims, Toshiba's infringement will be willful and Zond will be entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

31.     Toshiba will continue to infringe the '142 Patent unless and until it is enjoined by this Court.

32.     Toshiba's acts of infringement have caused and will continue to cause irreparable harm to Zond unless and until Toshiba is enjoined by this Court.

**SECOND CLAIM FOR RELIEF**
**(Infringement of the '652 Patent)**

33.     Zond incorporates by reference paragraphs 1 through 32 of the Complaint as if set forth here in full.

34.     Upon information and belief, Toshiba has been and is currently directly infringing one or more claims of the '652 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, the Infringing Products.

35.     Upon information and belief, upon knowledge of the '652 Patent, Toshiba is contributing to the infringement of, and/or inducing infringement of the '652 Patent by,

among other things, knowingly and with intent, actively encouraging its customers, suppliers, OEMs and ODMs, to make, use, sell and/or offer for sale Toshiba's Infringing Products in a manner that constitutes infringement of one or more claims of the '652 Patent. There are no substantial uses of the Infringing Products made, used, sold, or offered for sale by Toshiba that do not infringe one or more claims of the '652 Patent.

36.     As a result of Toshiba's unlawful infringement of the '652 Patent, Zond has suffered and will continue to suffer damage.  Zond is entitled to recover from Toshiba the damages adequate to compensate for such infringement, which have yet to be determined.

37.     Any further manufacturing, sales, offers for sale, uses, or importation by Toshiba of the Infringing Products will demonstrate a deliberate and conscious decision to infringe the '652 Patent or, at the very least, a reckless disregard of Zond's patent rights.  If Toshiba continues to manufacture, use, offer to sell, sell, and/or import the Infringing Products following its notice of the '652 Patent claims, Toshiba's infringement will be willful and Zond will be entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

38.     Toshiba will continue to infringe the '652 Patent unless and until it is enjoined by this Court.

39.     Toshiba's acts of infringement have caused and will continue to cause irreparable harm to Zond unless and until Toshiba is enjoined by this Court.

**THIRD CLAIM FOR RELIEF**
**(Infringement of the '716 Patent)**

40.     Zond incorporates by reference paragraphs 1 through 39 of the Complaint as if set forth here in full.

41.     Upon information and belief, Toshiba has been and is currently directly

infringing one or more claims of the '716 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, the Infringing Products.

42.     Upon information and belief, upon knowledge of the '716 Patent, Toshiba is contributing to the infringement of, and/or inducing infringement of the '716 Patent by, among other things, knowingly and with intent, actively encouraging its customers, suppliers, OEMs and ODMs, to make, use, sell and/or offer for sale Toshiba's Infringing Products in a manner that constitutes infringement of one or more claims of the '716 Patent. There are no substantial uses of the Infringing Products made, used, sold, or offered for sale by Toshiba that do not infringe one or more claims of the '716 Patent.

43.     As a result of Toshiba's unlawful infringement of the '716 Patent, Zond has suffered and will continue to suffer damage.  Zond is entitled to recover from Toshiba the damages adequate to compensate for such infringement, which have yet to be determined.

44.     Any further manufacturing, sales, offers for sale, uses, or importation by Toshiba of the Infringing Products will demonstrate a deliberate and conscious decision to infringe the '716 Patent or, at the very least, a reckless disregard of Zond's patent rights.  If Toshiba continues to manufacture, use, offer to sell, sell, and/or import the Infringing Products following its notice of the '716 Patent claims, Toshiba's infringement will be willful and Zond will be entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

45.     Toshiba will continue to infringe the '716 Patent unless and until it is enjoined by this Court.

46.     Toshiba's acts of infringement have caused and will continue to cause

irreparable harm to Zond unless and until Toshiba is enjoined by this Court.

**FOURTH CLAIM FOR RELIEF**
**(Infringement of the '759 Patent)**

47.     Zond incorporates by reference paragraphs 1 through 46 of the Complaint as if set forth here in full.

48.     Upon information and belief, Toshiba has been and is currently directly infringing one or more claims of the '759 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, the Infringing Products.

49.     Upon information and belief, upon knowledge of the '759 Patent, Toshiba is contributing to the infringement of, and/or inducing infringement of the '759 Patent by, among other things, knowingly and with intent, actively encouraging its customers, suppliers, OEMs and ODMs, to make, use, sell and/or offer for sale Toshiba's Infringing Products in a manner that constitutes infringement of one or more claims of the '759 Patent. There are no substantial uses of the Infringing Products made, used, sold, or offered for sale by Toshiba that do not infringe one or more claims of the '759 Patent.

50.     As a result of Toshiba's unlawful infringement of the '759 Patent, Zond has suffered and will continue to suffer damage.  Zond is entitled to recover from Toshiba the damages adequate to compensate for such infringement, which have yet to be determined.

51.     Any further manufacturing, sales, offers for sale, uses, or importation by Toshiba of the Infringing Products will demonstrate a deliberate and conscious decision to infringe the '759 Patent or, at the very least, a reckless disregard of Zond's patent rights.  If Toshiba continues to manufacture, use, offer to sell, sell, and/or import the Infringing Products following its notice of the '759 Patent claims, Toshiba's infringement will be willful

12

and Zond will be entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

52.     Toshiba will continue to infringe the '759 Patent unless and until it is enjoined by this Court.

53.     Toshiba's acts of infringement have caused and will continue to cause irreparable harm to Zond unless and until Toshiba is enjoined by this Court.

### FIFTH CLAIM FOR RELIEF
### (Infringement of the '421 Patent)

54.     Zond incorporates by reference paragraphs 1 through 53 of the Complaint as if set forth here in full.

55.     Upon information and belief, Toshiba has been and is currently directly infringing one or more claims of the '421 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, the Infringing Products.

56.     Upon information and belief, upon knowledge of the '421 Patent, Toshiba is contributing to the infringement of, and/or inducing infringement of the '421 Patent by, among other things, knowingly and with intent, actively encouraging its customers, suppliers, OEMs and ODMs, to make, use, sell and/or offer for sale Toshiba's Infringing Products in a manner that constitutes infringement of one or more claims of the '421 Patent. There are no substantial uses of the Infringing Products made, used, sold, or offered for sale by Toshiba that do not infringe one or more claims of the '421 Patent.

57.     As a result of Toshiba's unlawful infringement of the '421 Patent, Zond has suffered and will continue to suffer damage.  Zond is entitled to recover from Toshiba the damages adequate to compensate for such infringement, which have yet to be determined.

58.     Any further manufacturing, sales, offers for sale, uses, or importation by Toshiba of the Infringing Products will demonstrate a deliberate and conscious decision to infringe the '421 Patent or, at the very least, a reckless disregard of Zond's patent rights.  If Toshiba continues to manufacture, use, offer to sell, sell, and/or import the Infringing Products following its notice of the '421 Patent claims, Toshiba's infringement will be willful and Zond will be entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

59.     Toshiba will continue to infringe the '421 Patent unless and until it is enjoined by this Court.

60.     Toshiba's acts of infringement have caused and will continue to cause irreparable harm to Zond unless and until Toshiba is enjoined by this Court.

## SIXTH CLAIM FOR RELIEF
### (Infringement of the '779 Patent)

61.     Zond incorporates by reference paragraphs 1 through 60 of the Complaint as if set forth here in full.

62.     Upon information and belief, Toshiba has been and is currently directly infringing one or more claims of the '779 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, the Infringing Products.

63.     Upon information and belief, upon knowledge of the '779 Patent, Toshiba is contributing to the infringement of, and/or inducing infringement of the '779 Patent by, among other things, knowingly and with intent, actively encouraging its customers, suppliers, OEMs and ODMs, to make, use, sell and/or offer for sale Toshiba's Infringing Products in a manner that constitutes infringement of one or more claims of the '779 Patent. There are no

substantial uses of the Infringing Products made, used, sold, or offered for sale by Toshiba that do not infringe one or more claims of the '779 Patent.

64.     As a result of Toshiba's unlawful infringement of the '779 Patent, Zond has suffered and will continue to suffer damage.  Zond is entitled to recover from Toshiba the damages adequate to compensate for such infringement, which have yet to be determined.

65.     Any further manufacturing, sales, offers for sale, uses, or importation by Toshiba of the Infringing Products will demonstrate a deliberate and conscious decision to infringe the '779 Patent or, at the very least, a reckless disregard of Zond's patent rights.  If Toshiba continues to manufacture, use, offer to sell, sell, and/or import the Infringing Products following its notice of the '779 Patent claims, Toshiba's infringement will be willful and Zond will be entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

66.     Toshiba will continue to infringe the '779 Patent unless and until it is enjoined by this Court.

67.     Toshiba's acts of infringement have caused and will continue to cause irreparable harm to Zond unless and until Toshiba is enjoined by this Court.

## SEVENTH CLAIM FOR RELIEF
### (Infringement of the '184 Patent)

68.     Zond incorporates by reference paragraphs 1 through 67 of the Complaint as if set forth here in full.

69.     Upon information and belief, Toshiba has been and is currently directly infringing one or more claims of the '184 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, the Infringing Products.

70.     Upon information and belief, upon knowledge of the '184 Patent, Toshiba is contributing to the infringement of, and/or inducing infringement of the '184 Patent by, among other things, knowingly and with intent, actively encouraging its customers, suppliers, OEMs and ODMs, to make, use, sell and/or offer for sale Toshiba's Infringing Products in a manner that constitutes infringement of one or more claims of the '184 Patent. There are no substantial uses of the Infringing Products made, used, sold, or offered for sale by Toshiba that do not infringe one or more claims of the '184 Patent.

71.     As a result of Toshiba's unlawful infringement of the '184 Patent, Zond has suffered and will continue to suffer damage.  Zond is entitled to recover from Toshiba the damages adequate to compensate for such infringement, which have yet to be determined.

72.     Any further manufacturing, sales, offers for sale, uses, or importation by Toshiba of the Infringing Products will demonstrate a deliberate and conscious decision to infringe the '184 Patent or, at the very least, a reckless disregard of Zond's patent rights.  If Toshiba continues to manufacture, use, offer to sell, sell, and/or import the Infringing Products following its notice of the '184 Patent claims, Toshiba's infringement will be willful and Zond will be entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

73.     Toshiba will continue to infringe the '184 Patent unless and until it is enjoined by this Court.

74.     Toshiba's acts of infringement have caused and will continue to cause irreparable harm to Zond unless and until Toshiba is enjoined by this Court.

### EIGHTH CLAIM FOR RELIEF
### (Infringement of the '155 Patent)

75.     Zond incorporates by reference paragraphs 1 through 74 of the Complaint as if

set forth here in full.

76.     Upon information and belief, Toshiba has been and is currently directly infringing one or more claims of the '155 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, the Infringing Products.

77.     Upon information and belief, upon knowledge of the '155 Patent, Toshiba is contributing to the infringement of, and/or inducing infringement of the '155 Patent by, among other things, knowingly and with intent, actively encouraging its customers, suppliers, OEMs and ODMs, to make, use, sell and/or offer for sale Toshiba's Infringing Products in a manner that constitutes infringement of one or more claims of the '155 Patent. There are no substantial uses of the Infringing Products made, used, sold, or offered for sale by Toshiba that do not infringe one or more claims of the '155 Patent.

78.     As a result of Toshiba's unlawful infringement of the '155 Patent, Zond has suffered and will continue to suffer damage.  Zond is entitled to recover from Toshiba the damages adequate to compensate for such infringement, which have yet to be determined.

79.     Any further manufacturing, sales, offers for sale, uses, or importation by Toshiba of the Infringing Products will demonstrate a deliberate and conscious decision to infringe the '155 Patent or, at the very least, a reckless disregard of Zond's patent rights.  If Toshiba continues to manufacture, use, offer to sell, sell, and/or import the Infringing Products following its notice of the '155 patent claims, Toshiba's infringement will be willful and Zond will be entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

80.     Toshiba will continue to infringe the '155 Patent unless and until it is enjoined

by this Court.

81.     Toshiba's acts of infringement have caused and will continue to cause irreparable harm to Zond unless and until Toshiba is enjoined by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Zond prays for a Judgment in favor of Zond and against Toshiba as follows:

1.     That Toshiba has directly infringed the '142, '652, '716, '759, '421, '779, '184, and '155 Patents;

2.     That Toshiba has indirectly infringed the '142, '652, '716, '759, '421, '779, '184, and '155 Patents;

3.     That this case is "exceptional" within the meaning of 35 U.S.C. § 285 against Toshiba;

4.     An order preliminarily and permanently enjoining Toshiba and its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for them and on their behalf, or acting in concert with them directly or indirectly, from further acts of infringement of the '142, '652, '716, '759, '421, '779, '184, and '155 Patents;

5.     A full accounting for and an award of damages to Zond for Toshiba's infringement of the '142, '652, '716, '759, '421, '779, '184, and '155 Patents; including enhanced damages pursuant to 35 U.S.C. § 284, together with pre- and post-judgment interest;

6.     An award of Zond's reasonable attorneys' fees, expenses, and costs; and

**7.**     A grant of such other and further equitable or legal relief as this Court deems proper.

**DEMAND FOR JURY TRIAL**

  Zond hereby demands trial by jury on all issues so triable.


Dated:  July 3, 2013

            Respectfully submitted,

            ZOND, INC.

            By its counsel,

            /s/ David S. Godkin
            David S. Godkin (BBO#196530)
            Andrew A. Caffrey III (BB0#660481)
            Birnbaum & Godkin, LLP
            280 Summer Street
            Boston, MA  02210
            617-307-6100
            godkin@birnbaumgodkin.com


*Of Counsel:*

David C. Radulescu, Ph.D.
Tigran Vardanian
Gregory S. Maskel
RADULESCU LLP
136 Madison Ave, 6th Floor
New York, NY 10016
646-502-5950
david@radulescullp.com
tigran@radulescullp.com
greg@radulescullp.com