IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZOND, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:13-cv-11581-DJC |
| ) | |
| ) | **JURY TRIAL DEMANDED** |
| TOSHIBA CORPORATION, ) | |
| TOSHIBA AMERICA ELECTRONIC ) | |
| COMPONENTS, INC. and ) | |
| TOSHIBA AMERICA INFORMATION ) | |
| SYSTEMS, INC. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS TOSHIBA CORPORATION, TOSHIBA AMERICA ELECTRONIC
COMPONENTS, INC., AND TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S
<u>MOTION TO STAY THE CASE</u>**

# TABLE OF CONTENTS

I. All Cases Filed by Zond in This District Are in Their Infancy or Have Been Stayed or Dismissed. ................................................................................................................ 3
II. Argument ............................................................................................................................ 5
    A. This Court Has Authority to Stay This Case Pending Resolutions of the IPRs. .... 5
    B. The Factors Favor Staying this Case Pending Resolution of the IPRs. .................. 7
        1. Non-Moving Party Will Not Suffer Undue Prejudice or Tactical Disadvantage by a Stay. ............................................................................... 7
        2. A Stay Will Simplify the Issues for Trial. .................................................. 9
        3. Discovery Has Not Begun and Trial Date Has Not Been Set. .................. 11
III. Conclusion ....................................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

CASES

*ADA Solutions, Inc. v. Engineered Plastics, Inc.*,
 826 F. Supp. 2d 348 (D. Mass. 2011) ................................................................................5

*Black & Decker Inc. v. Positec USA, Inc.*,
 No. 13 C 3075, 2013 WL 5718460 (N.D. Ill., Oct., 1, 2013) .........................................7, 8, 11

*BodyMedia Inc. v. Basis Science, Inc.*,
 No. 12-cv-133 (GMS), 2013 WL 2462105 (D. Del. June 6, 2013) .........................................8

*Brass Smith, LLC v. RPI Indus., Inc.*,
 No. 09–06344 (NLH/JS), 2010 WL 4444717 (D.N.J. Nov. 1, 2010) ......................................8

*Capriola v. Larose Indus.*,
 No. 8:12-cv-2346–T–23TBM, 2013 WL 1868344 (M.D. Fla. Mar. 11, 2013) ...................7, 11

*Clearlamp LLC v. LKQ Corp.*,
 No. 1:12- cv-02533, Dkt. 43 (N.D. Ill. Oct. 18, 2012) .......................................................7, 11

*Davol, Inc. v. Atrium Med. Corp.*,
 No. 12-958-GMS, 2013 WL 3013343 (D. Del. June 17, 2013) .............................................10

*e-Watch, Inc. v. Lorex Canada, Inc.*,
 No. H-12-3314, 2013 WL 5425298 (S.D. Tex. Sept. 26, 2013) ........................................7, 11

*Ever Win Int'l Corp. v. Radioshack Corp.*,
 902 F. Supp. 2d 503 (D. Del. 2012) .......................................................................................10

*Fresenius USA, Inc. v. Baxter Intern., Inc.*,
 721 F.3d 1330 (Fed. Cir. 2013) ................................................................................................6

*Gryphon Networks v. Contact Ctr. Compliance*,
 792 F. Supp. 2d 87 (D. Mass. 2011) ........................................................................................5

*Implicit Networks, Inc. v. Advanced Micro Devices, Inc.*,
 No. C08-184JLR, 2009 WL 357902 (W.D. Wash. Feb. 9, 2009) ............................................8

*In re Bear Creek Techs.*,
 No. 11-cv-721 (GMS), 2013 WL 3789471 (D. Del. July 17, 2013) ........................................8

*Krippelz v. Ford Motor Co.*,
 667 F.3d 1261 (Fed. Cir. 2012) ..............................................................................................10

*Neste Oil OYJ v. Dynamic Fuels, LLC*,
    No. 12-1744-GMS, 2013 WL 3353984 (D. Del. July 2, 2013) .................................................9

*Network Appliance, Inc. v. Sun Microsystems Inc.*,
    No. C-07-06053 EDL, 2010 WL 545855 (N.D. Cal. Feb. 11, 2010) .........................................8

*Procter & Gamble Co. v. Kraft Foods Global, Inc.*,
    549 F.3d 842 (Fed. Cir. 2008) ..................................................................................................5

*Round Rock Research LLC v. Dole Food Co.*,
    11-1239-RGA, 2012 WL 1185022 (D. Del. Apr. 6, 2012) .....................................................10

*Sabert Corp. v. Waddington N. Am., Inc.*,
    No. 06-5423 (JAG), 2007 WL 2705157 (D.N.J. Sept. 14, 2007) .............................................8

*Semiconductor Energy Lab. Co., Ltd. v. Chimei Innolux Corp., et al.*,
    No. SACV 12-21-JST, 2012 WL 7170593 (C.D. Cal. Dec. 19, 2012) ...........................7, 8, 11

*Software Rights Archive, LLC v. Facebook, Inc.*,
    No. C-12-3970 RMW, 2013 WL 5225522 (N.D. Cal. Sept. 17, 2013) ...............................7, 11

*SSW Holding Co., Inc. v. Schott Gemtron Corp.*,
    No. 3:12-CV–661–S, 2013 WL 4500091 (W.D. Ky., Aug. 21, 2013) ................................7, 11

*Star Envirotech, Inc. v. Redline Detection*,
    No. SACV 12-01861 .........................................................................................................7, 12

*Synthes (U.S.A.) v. G.M. dos Reis Jr. Ind. Com. de Equip. Medico*, 2010 WL 669733
    (S.D. Cal. Feb. 22, 2010) .........................................................................................................8

*Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*,
    No. C-94-20775 RPA (EAI), 1995 WL 20470 (N.D. Cal. Jan. 13, 1995) ..............................11

*Trustees of Boston Univ. v. Everlight Electronics Co., Ltd. et al.*,
    No. 1:12-cv-11935-PBS, Dkt. 104 (D. Mass. Oct. 17, 2012) ...................................................5

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*,
    943 F. Supp. 2d 1028 (C.D. Cal. 2013) ....................................................................................6

*Zond, LLC v. Advanced Micro Devices, Inc., et al.*,
    Case No. 13-cv-11577-LTS (D. Mass.) ....................................................................................1

*Zond, LLC v. Fujitsu Ltd. et al.*,
    Case No. 13-cv-11634-WGY (D. Mass.) .................................................................................1

*Zond, LLC v. The Gillette Co., et al.*,
    Case No. 13-cv-11567-DJC (D. Mass.) ....................................................................................1

*Zond, LLC v. Intel Corporation*,
   Case No. 13-cv-11570-RGS (D. Mass.) ..................................................................1

*Zond, LLC v. SK Hynix, Inc. et al.*,
   Case No. 13-cv-11591-RGS (D. Mass.) ..................................................................1

## STATUTES

37 C.F.R. § 42.107.3 ......................................................................................................6

35 U.S.C. § 6 ..................................................................................................................6

35 U.S.C. §§ 301-19, *et seq.* ..........................................................................................6

35 U.S.C. §§ 314(b), 316(a)(11) ....................................................................................6

35 U.S.C. §§ 316(a)(5), (8), (10) ...................................................................................6

35 U.S.C. § 318(c) .......................................................................................................10

*Changes to Implement Inter Partes Review Proceedings, and Transitional Program for Covered Business Method Patents*, 77 Fed. Reg. 48,680 (Aug. 14, 2012) (codified at 37 C.F.R. §§ 42,100 et seq.) ..........................................................................................6

Leahy-Smith America Invents Act of 2011 ("AIA") ....................................................6

## OTHER AUTHORITIES

*Patent Trial and Appeal Board AIA Progress Statistics as of 8/21/2014*, available at
   https://ptabtrials.uspto.gov ....................................................................................9

Local Rule 40.1(G)(2) ....................................................................................................1

*Report on Litigation Practice Before the United States Patent Office*, HARNESS DICKEY
   (Apr. 11, 2014), Vol. 5 ...........................................................................................9

*Obtaining Your Stay During Inter Partes Review*, Robert A. Kalinsky and Linda Nguyen,
   LEXOLOGY (Sept. 18, 2013) ..................................................................................6

*Statistical Overview of the First Twenty Months of Inter Partes Review Final Decisions*,
   available at http://www.senniger.com/article-details.aspx?article=3688 ............9, 10

Defendants Toshiba Corporation, Toshiba America Electronic Components, Inc., and Toshiba America Information Systems, Inc. (collectively, "Toshiba") hereby move this Court for an order staying or administratively closing this case pending final resolution of the United States Patent and Trademark Office's ("USPTO's") *inter partes* reviews ("IPRs") of the seven patents at issue in this case. Petitions for IPRs have been filed against all seven patents-in-suit. *See* Case No. 1:13-cv-11570-RGS (hereinafter "Intel case"), Dkt. 127 at Exhibits A and B.[1] The outcome of the USPTO's IPR reviews will either resolve this case completely or substantially streamline it. Accordingly, Toshiba respectfully submits that judicial comity and case efficiencies warrant a stay or administrative closure of this case pending the outcome of the USPTO's reviews of all claims of the seven patents-in-suit.

Plaintiff Zond, Inc. ("Zond") filed seven distinct cases on various dates against nine separate defendant groups in various industries involving diverse accused products, which were assigned to five different judges in the District of Massachusetts.[2] *See* Case No. 1:13-cv-11567-DJC (hereinafter "Gillette case"); Intel case; Case No. 1:13-cv-11577-DPW (hereinafter "AMD/GlobalFoundaries case"); Case No. 1:13-cv-11581-DJC (hereinafter "Toshiba case"); Case No. 1:13-cv-11591-RGS (hereinafter "SK Hynix case"); Case No. 1:13-cv-11625-NMG (hereinafter "Renesas case"); and Case No. 1:13-cv-11634-WGY (hereinafter "Fujitsu/TSMC

---

[1] At the time Intel filed its motion to stay, they had filed fifteen petitions seeking IPR review of all claims of four of the seven patents-in-suit. Since then, Intel has filed twelve additional petitions seeking IPR review of all claims of the three remaining patents-in-suit. *See* Intel case, Dkt. 127 at Exhibit A. Further, additional petitions have been filed by (including any identified subsidiaries or related entities) Taiwan Semiconductor Manufacturing Company, Ltd. ("TSMC"), Fujitsu Semiconductor Limited ("Fujitsu"), The Gillette Company ("Gillette"), GlobalFoundaries U.S., Inc. ("GlobalFoundaries"), Advanced Micro Devices, Inc. ("AMD"), Renesas Electronics Corporation ("Renesas"), and Toshiba Corporation ("Toshiba") seeking IPR review of all claims of all seven patents-in-suit. *See* Intel case, Dkt. 127 at Exhibit B.

[2] Zond did not file any of the seven cases as related litigation under Local Rule 40.1(G)(2). Defendants Fujitsu and TSMC sought to consolidate these cases, which Zond and the remaining defendants opposed. *See, e.g.*, Gillette case, Dkt. Nos. 26, 27, 35, 36, 38, 39, 43. On June 11, 2014, the Court refused to consolidate the cases. Gillette case, Dkt. No. 100.

case"). Of these seven cases, five cases have already been stayed pending the USPTO's resolution of the IPRs of the patents-in-suit. *See* Vu Decl., Ex. A (Intel case, Dkts. 120, 121 (granting Intel's motion to stay)); Vu Decl., Ex. B (SK Hynix case, Dkt. 66 (*sua sponte* granting stay of the SK Hynix case)); Vu Decl., Ex. C (AMD/GlobalFoundaries case, Dkt. 82 (granting AMD/GlobalFoundaries' motion to stay)); Vu Decl., Ex. D (Fujitsu/TSMC case, Dkts. 124, 129 (granting Fujitsu/TSMC's motion to stay)); and Vu Decl., Ex. E (Gillette case, Dkt. 120 (granting the parties' stipulated motion to stay)). One case has been dismissed with prejudice. SK Hynix case, Dkts. 69 and 70.

Toshiba respectfully submits that judicial comity and case efficiencies warrant a similar stay of this case. As Judge Stearns recognized in his orders staying the Intel case and the SK Hynix case, the court would benefit from the IPR process which would likely simplify and clarify the issues in dispute without prejudicing Zond. Vu Decl., Ex. A, Ex. B. In particular, Judge Stearns wrote:

> "This case is still in its early stage – the Markman process not having commenced. For the moment, Zond has accused Intel of infringement of 247 claims across 7 patents. **The Court believes that the IPR process will likely simplify and clarify the dispute for the parties, and the Court will benefit from the expert claim analysis of the PTO.** A stay will not significantly disadvantage Zond as it and Intel are not direct competitors. Moreover, a stay will promote efficiency and economy as the Court and the litigants will be relieved of conducting a costly and time-consuming analysis for present purposes that may well be nullified by the reexamination [sic] process. The case will be stayed until further notice, and the Clerk will close this case administratively pending action by the PTO."

Vu Decl., Ex. A (emphasis added).

The case before this Court is also in its early stage, with its initial scheduling conference currently set for September 29, 2014. Dkt. 50. Zond has asserted the same seven patents-in-suit

against Toshiba and Toshiba does not directly compete with Zond. Dkt. 13. A stay in this case would similarly promote judicial efficiency and economy, in the event the IPRs nullify the costly and time-consuming litigation process, resolving this case completely or simplifying the issues for trial. Accordingly, Toshiba respectfully submits that judicial comity and case efficiencies warrant a similar stay or administrative closure of this case.

## I. ALL CASES FILED BY ZOND IN THIS DISTRICT ARE IN THEIR INFANCY OR HAVE BEEN STAYED OR DISMISSED.

The following chart summarizes the procedural status of the seven cases filed by Zond in this District:

| Case No. | Defendants | Judge | Status |
| --- | --- | --- | --- |
| 13-11567-DJC | The Gillette Company; The Procter & Gamble Company | Denise J. Casper | **Stayed** on August 1, 2014 |
| 13-11570-RGS | Intel Corporation | Richard G. Stearns | **Stayed** on April 18, 2014 |
| 13-11577-DPW | Advanced Micro Devices, Inc.; GlobalFoundries U.S., Inc.; GlobalFoundries Dresden Module One LLC & Co. KG; GlobalFoundries Dresden Module Two LLC & Co. KG | Douglas P. Woodlock | **Stayed** on July 23, 2014 |
| 13-11634-WGY | Fujitsu Semiconductor Limited; Fujitsu Semiconductor America, Inc.; Taiwan Semiconductor Manufacturing Company Limited; and TSMC North America Corp. | William G. Young | **Stayed** on June 3, 2014 |
| 13-11591-RGS | SK Hynix, Inc.; SK Hynix America Inc.; and SK Hynix Memory Solutions Inc. | Richard G. Stearns | **Stayed** *sua sponte* on April 18, 2014 and subsequently **Dismissed** on May 30, 2014. |
| 13-11625-NMG | Renesas Electronics Corporation and Renesas Electronics America, Inc. | Nathaniel M. Gorton | Initial scheduling conference held on August 11, 2014 |

| 13-11581-DJC | Toshiba Corporation; Toshiba America Electronic Components, Inc.; and Toshiba America Information Systems, Inc. | Denise J. Casper | Initial scheduling conference set for September 29, 2014 |

As the above chart shows, all of these cases have been dismissed or stayed, or are in their infancy. As of the filing of this motion, 120 IPR petitions have been filed by various defendants, along with expert declarations, challenging the validity of all claims of all seven patents-in-suit. *See* Intel case, Dkt. 127, Exhibits A and B; Vu Decl., Ex. J (Orders instituting IPR Nos. 2014-00443, 2014-00444, 2014-00445, 2014-00446, 2014-00447). Intel has filed IPR petitions challenging the validity of every claim of all seven patents that are common to the seven different Zond actions pending in this District.[3] *See* Intel case, Dkt. 127, Exhibit A. Subsequently, Toshiba and other defendants filed substantially identical IPRs on all seven of the patents-in-suit and have filed motions with the USPTO to join these IPRs with the IPRs filed by Intel. *See* Intel case, Dkt. 127, Exhibits A and B. Just last week, the PTO instituted proceedings on all of the Intel IPRs filed against Zond's 759 patent. Vu Decl., Ex. J (Orders instituting IPR Nos. 2014-00443, 2014-00444, 2014-00445, 2014-00446, 2014-00447). Due to the similarity of the Zond patents and the strength and similarity of the prior art, Toshiba submits that is highly likely the USPTO will institute proceedings on all of the remaining IPRs filed against Zond.

On March 24, 2014, Intel moved to stay its litigation before Judge Stearns. *See* Vu Decl., Ex. C (Intel's Motion to Stay Papers). On April 18, 2014, Judge Stearns granted Intel's motion. Vu Decl., Ex. A. On that same date, Judge Stearns also sua sponte stayed Zond's case against

---

[3] Zond asserted three additional patents against defendants in the Gillette case, which are not at issue in this case. See Gillette case, Dkt. 1.

SK Hynix, citing the same reasons of judicial efficiency and economy. Vu Decl., Ex. B. Judge Stearns again noted:

> The seven patents-in-suit are subject to a number of petitions for inter partes review (IPR) at the PTO. The Court will stay this case pending the conclusion of the IPR process. **The Court believes that the IPR process will likely simplify and clarify the dispute for the parties, and the Court will benefit from the expert claim analysis of the PTO.** Moreover, a stay will promote efficiency and economy as the Court and the litigants will be relieved of conducting a costly and time-consuming analysis for present purposes that may well be nullified by the reexamination [sic] process. The case will be stayed until further notice, and the Clerk will close this case administratively pending action by the PTO.

*Id.* (emphasis added).

Procedurally and substantively, this case is in its early stages. Zond filed its complaint against Toshiba on July 3, 2013. Dkt. 1. On September 27, 2013, Zond filed an Amended Complaint. Dkt. 13. Toshiba filed a Motion to Dismiss the complaint on October 11, 2013, which was denied on August 14, 2014. Dkts. 14 and 49. The initial scheduling conference has been scheduled for September 29, 2014. Dkt. 50. Fact discovery and the Markman claim construction process have not yet begun. Toshiba now brings this motion to stay the instant litigation to promote judicial economy.

## II. ARGUMENT

### A. This Court Has Authority to Stay This Case Pending Resolutions of the IPRs.

"The Supreme Court has long recognized that district courts have broad discretion to manage their dockets, including the power to grant a stay of proceedings." *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 848-49 (Fed. Cir. 2008). In determining whether to grant a stay pending an IPR, courts examine the following: 1) whether a stay would unduly prejudice or present a clear tactical advantage over the non-moving party; 2) whether a stay will

simplify the issues for trial; and 3) whether discovery is complete and a trial date set. *See, e.g.*, *Trustees of Boston Univ. v. Everlight Electronics Co., Ltd. et al.*, No. 1:12-cv-11935-PBS, Dkt. 104, (D. Mass. Oct. 17, 2012) (citing *Gryphon Networks v. Contact Ctr. Compliance*, 792 F. Supp. 2d 87, 90 (D. Mass. 2011) and *ADA Solutions, Inc. v. Engineered Plastics, Inc.*, 826 F. Supp. 2d 348, 350 (D. Mass. 2011)). The new IPR procedure provides more speed and certainty, making stays pending the result of IPR proceedings more advantageous by avoiding the staggering costs posed by patent litigation.[4]

The IPR process was created by the Leahy-Smith America Invents Act of 2011 ("AIA"), and went into effect in September 2012. *See* 35 U.S.C. §§ 301-19, *et seq*. Congress created the IPR process to reduce wasteful and expensive patent litigation by providing "a timely, cost-effective alternative to litigation." *See Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030 (C.D. Cal. 2013) (citing *Changes to Implement Inter Partes Review Proceedings, and Transitional Program for Covered Business Method Patents*, 77 Fed. Reg. 48,680 (Aug. 14, 2012) (codified at 37 C.F.R. §§ 42,100 et seq.)). IPR, unlike the previous *inter partes* reexamination procedure, is an adjudicative mini-bench trial process that takes place in front of the newly formed Patent Trial and Appeals Board ("PTAB"), which consists of technically-trained Administrative Patent Judges. *See* 35 U.S.C. § 6; 35 U.S.C. §§ 316(a)(5), (8), (10). An IPR decision invalidating certain claims of a patent would terminate and extinguish the patentee's cause of action for those same claims in district court litigation. *See Fresenius USA, Inc. v. Baxter Intern., Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[I]f the original claim is cancelled or amended to cure invalidity, the patentee's cause of action is extinguished and the

---

[4] Given the speed and certainty of the IPR process and the advantages of avoiding the staggering costs posed by patent litigation, courts have been receptive to granting stays pending IPR proceedings. *See* Vu Decl., Ex. F ( *Obtaining Your Stay During Inter Partes Review*, Robert A. Kalinsky and Linhda Nguyen, Merchant & Gould, Sept. 18, 2013 (presenting data from stay rulings through July 31, 2013)).

suit fails."). The new IPR procedure provides speedy and certain resolution because, *inter alia*, the duration of the IPR process is statutorily limited to 18 months from start to finish. *See* 35 U.S.C. §§ 314(b), 316(a)(11); 37 C.F.R. § 42.107.3. Accordingly, the pending IPR proceedings against the patents-in-suit will move forward expeditiously, and a stay of this case pending resolution of the IPRs will not be indefinite.

Courts across the country have routinely exercised their inherent discretion to stay cases pending IPRs, more often than under the old reexamination regime, given that the new IPR procedure provides speed and certainty in resolving complex patent disputes that would otherwise consume valuable judicial resources. *See Clearlamp LLC v. LKQ Corp.*, No. 1:12-cv-02533, Dkt. 43, (N.D. Ill. Oct. 18, 2012) (granting a motion to stay based on the filing of IPR petition); *see also Black & Decker Inc. v. Positec USA, Inc.*, No. 13 C 3075, 2013 WL 5718460, at *3 (N.D. Ill., Oct., 1, 2013); *Semiconductor Energy Lab. Co., Ltd. v. Chimei Innolux Corp., et al.*, No. SACV 12-21-JST (JPRx), 2012 WL 7170593, at *4 (C.D. Cal. Dec. 19, 2012); *Software Rights Archive, LLC v. Facebook, Inc.*, No. C-12-3970 RMW, 2013 WL 5225522, at *1 (N.D. Cal. Sept. 17, 2013); *SSW Holding Co., Inc. v. Schott Gemtron Corp.*, No. 3:12-CV–661–S, 2013 WL 4500091 (W.D. Ky., Aug. 21, 2013); *Capriola v. Larose Indus.*, No. 8:12-cv-2346–T–23TBM, 2013 WL 1868344 (M.D. Fla. Mar. 11, 2013); *e-Watch, Inc. v. Lorex Canada, Inc.*, No. H-12-3314, 2013 WL 5425298 (S.D. Tex. Sept. 26, 2013); *Star Envirotech, Inc. v. Redline Detection*, No. SACV 12-01861 JGB (MLGx), 2013 WL 1716068 (C.D. Cal. Apr. 3, 2013).

### B. The Factors Favor Staying this Case Pending Resolution of the IPRs.

#### 1. Non-Moving Party Will Not Suffer Undue Prejudice or Tactical Disadvantage by a Stay.

In his orders staying the Intel case and the SK Hynix case, Judge Stearns recognized that Zond will not be unduly prejudiced by a stay. *See* Vu Decl., Ex. A ("A stay will not significantly

disadvantage Zond as it and Intel are not direct competitors."); Vu Decl., Ex. B (staying the SK Hynix case *sua sponte* based on Intel's IPR petitions). Likewise, Zond has already conceded that "it is not a competitor to AMD or any other chipmaker in the semiconductor industry" and that "it has little chance of demonstrating irreparable harm" against the defendants. AMD/GlobalFoundaries case, Dkt. 21 at 15 ("Zond is a technology development company. It does not manufacture semiconductor chips and it is beyond dispute that it is not a competitor to AMD or any other chipmaker in the semiconductor industry."). Thus, this case should be similarly stayed because Zond will not be unduly prejudiced by a stay. *See Brass Smith, LLC v. RPI Indus., Inc.*, No. 09–06344 (NLH/JS), 2010 WL 4444717, at *3-6 (D.N.J. Nov. 1, 2010); *Synthes (U.S.A.) v. G.M. dos Reis Jr. Ind. Com. de Equip. Medico*, No. 07-CV-309-L (AJB), 2010 WL 669733 (S.D. Cal. Feb. 22, 2010) (granting a stay in part because the patent holder has not requested a preliminary injunction); *Network Appliance, Inc. v. Sun Microsystems Inc.*, No. C-07-06053 EDL, 2010 WL 545855 (N.D. Cal. Feb. 11, 2010) (granting a stay in part because the patent holder "has not shown competitive harm that could not be monetarily remedied."); *Implicit Networks, Inc. v. Advanced Micro Devices, Inc.*, No. C08-184JLR, 2009 WL 357902, at *3 (W.D. Wash. Feb. 9, 2009) (granting a stay in part because "a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement."); *see also In re Bear Creek Techs.*, No. 11-cv-721 (GMS), 2013 WL 3789471, at *3 n.8 (D. Del. July 17, 2013) (no prejudice to non-practicing entity because monetary damages sufficient to compensate).

Courts have recognized that the mere potential for delay is not sufficient to establish undue prejudice to the non-moving party. *See, e.g., Black & Decker Inc.*, 2013 WL 5718460, at *2; *Sabert Corp. v. Waddington N. Am., Inc.*, No. 06-5423 (JAG), 2007 WL 2705157, at *6

(D.N.J. Sept. 14, 2007) ("The stay, while adding time to the litigation, is a minimal expenditure of judicial economy for what might be an optimal efficiency gain. The reexamination period may produce information that narrows the issue before this court."); *Semiconductor Energy Lab. Co.*, 2012 WL 7170593, at *3 (internal quotation omitted) ("the mere fact and length of any delay … does not demonstrate prejudice sufficient to deny [a] request for a stay."); *BodyMedia Inc. v. Basis Science, Inc.*, No. 12-cv-133 (GMS), 2013 WL 2462105, at *1 n.1 (D. Del. June 6, 2013) ("[T]he potential for litigation delay is not, by itself, dispositive and does not demonstrate that a party will be unduly prejudiced."); *Neste Oil OYJ v. Dynamic Fuels, LLC*, No. 12-1744-GMS, 2013 WL 3353984, at *2 (D. Del. July 2, 2013) (a stay may result in some delay but the potential of such delay is insufficient to establish undue prejudice).

        2.    <u>A Stay Will Simplify the Issues for Trial</u>.

In his orders staying the Intel case and the SK Hynix case, Judge Stearns recognized that a stay pending the results of the IPR petitions will simplify issues for trial. *See* Vu Decl., Ex. A ("The Court believes that the IPR process will likely simplify and clarify the dispute for the parties, and the Court will benefit from the expert claim analysis of the PTO."); Vu Decl., Ex. B (same language as the stay in the Intel case). Given that there are seven patents, and potentially hundreds of patent claims, at issue in this case, the IPR proceedings will almost certainly eliminate or narrow the scope of the issues in this case as well. This is particularly true given that the PTO has already instituted IPR proceedings on Zond's '759 patent, an indication it will likely do so for the other six Zond patents as well.

Statistics of IPR proceedings thus far show a high likelihood that all or a substantial number of challenged claims will be cancelled, favoring a stay of pending litigation until the resolution of the IPRs. The IPR process is relatively new. Recent statistics show that the PTAB

has instituted IPR proceedings on nearly 75 to 80 percent of all board decisions. See Vu Decl., Ex. G (*Patent Trial and Appeal Board AIA Progress Statistics as of 8/21/2014*, available at https://ptabtrials.uspto.gov); see also, Vu Decl., Ex. H (*Report on Litigation Practice Before the United States Patent Office*, HARNESS DICKEY (Apr. 11, 2014), Vol. 5) (84% of petitions put into trial as of March 16, 2014). As of end of May 2014, nearly 89% of all challenged claims had an IPR proceeding instituted against them. See Vu Decl., Ex. I (*Statistical Overview of the First Twenty Months of Inter Partes Review Final Decisions*, available at http://www.senniger.com/article-details.aspx?article=3688&articlegroup=667 (last visited Aug. 26, 2014)). Moreover, statistics obtained as of May 2014 indicate that once the PTAB institutes IPR proceedings with respect to a claim, there is a 79% chance that the claim will be found unpatentable. *Id.* Among the IPRs that have reached a final decision as of May 2014, the PTAB has cancelled at least some claims in all 78 proceedings, including 59 proceedings which resulted in the cancelation of *all* challenged claims. *Id.* Courts have viewed statistics showing high likelihood of cancelled or amended claims as weighing in favor of stays. *See, e.g., Davol, Inc. v. Atrium Med. Corp.*, No. 12-958-GMS, 2013 WL 3013343, at *5 n.7 (D. Del. June 17, 2013) (granting stay and instructing "the statistics referenced by Atrium indicate that review has been granted in almost all the *inter partes* review petitions considered by the PTO and that, in the old reexamination context, the PTO cancelled or narrowed claims in the vast majority of cases"); *see also Ever Win Int'l Corp. v. Radioshack Corp.*, 902 F. Supp. 2d 503, 506 (D. Del. 2012) (statistics show "a fair inference that the issues in [these] case[s] are apt to be simplified and streamlined to some degree."). Even if the claims were not cancelled, any amendments to the claims or narrowing statements made by patentee during the IPR process would impact claim construction, and narrow the scope of damages with the application of intervening rights. *See,*

*e.g., Krippelz v. Ford Motor Co.*, 667 F.3d 1261, 1266 (Fed. Cir. 2012) ("A patentee's statements during reexamination can be considered during claim construction, in keeping with the doctrine of prosecution disclaimer."); *Round Rock Research LLC v. Dole Food Co.*, 11-1239-RGA, 2012 WL 1185022, at *1 (D. Del. Apr. 6, 2012) (". . . even if [the claims are] neither rejected nor modified, [they] will garner additional prosecution history that may be relevant to claim construction"); 35 U.S.C. § 318(c) (providing that any proposed or new claim incorporated into a patent following an IPR will result in intervening rights, thus eliminating liability for infringement of the new claims prior to their issuance, and potentially limiting liability post-issuance).

The results of the IPRs would also narrow the scope of discovery. *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, No. C-94-20775 RPA (EAI), 1995 WL 20470, at *2 (N.D. Cal. Jan. 13, 1995) (finding that it "makes sense to ascertain the ultimate scope of the claims before trying to figure out whether defendants' products infringe the patent-in-suit" in order to avoid conducting a "significantly wider scope of discovery than necessary" to examine "the validity of claims which are modified or eliminated altogether during [IPR]").

### 3. Discovery Has Not Begun and Trial Date Has Not Been Set.

The final factor in analyzing whether a stay should be granted is whether discovery is complete and a trial date set. This case is in its early stages. Discovery has not begun, and a trial date has not yet been set. The initial case management conference has been set for September 29, 2014. Dkt. 50. This case should be stayed because it is in its early stages, and a stay at this early stage is appropriate to conserve judicial resources regardless of whether the PTAB has yet ruled on a pending petition to institute an IPR trial. *See Clearlamp LLC v. LKQ Corp.*, No. 1:12-cv-02533, Dkt. 43, (N.D. Ill. Oct. 18, 2012) (granting a motion to stay even though inter partes

review was not yet instituted); *see also Black & Decker Inc. v. Positec USA, Inc.*, No. 13 C 3075, 2013 WL 5718460, *3 (N.D. Ill., Oct.. 1, 2013); *Semiconductor Energy Lab. Co., Ltd. v. Chimei Innolux Corp., et al.*, No. SACV 12-21-JST (JPRx), 2012 WL 7170593, at *4 (C.D. Cal. Dec. 19, 2012); *Software Rights Archive, LLC v. Facebook, Inc.*, No. C-12-3970 RMW, 2013 WL 5225522, at *1 (N.D. Cal. Sept. 17, 2013); *SSW Holding Co., Inc. v. Schott Gemtron Corp.*, No. 3:12-CV–661–S, 2013 WL 4500091 (W.D. Ky., Aug. 21, 2013); *Capriola v. Larose Indus.*, No. 8:12-cv-2346–T–23TBM, 2013 WL 1868344 (M.D. Fl. Mar. 11, 2013); *e-Watch, Inc. v. Lorex Canada, Inc.*, No. H-12-3314, 2013 WL 5425298 (S.D. Tex. Sept. 26, 2013); *Star Envirotech, Inc. v. Redline Detection*, No. SACV 12-01861 JGB (MLGx), 2013 WL 1716068 (C.D. Cal. Apr. 3, 2013).

## III. CONCLUSION

This case is in its infancy – discovery has not begun and trial has not been set. Resolution of the IPRs challenging the validity of all claims in the seven patents-in-suit would eliminate or significantly narrow the issues in this case. As Judge Stearns recognized in his decisions to stay the Intel case and the SK Hynix case, "a stay will promote efficiency and economy as the Court and the litigants will be relieved of conducting a costly and time-consuming analysis for present purposes that may well be nullified by the reexamination [sic] process." *See* Vu Decl., Ex. A, Ex. B. Toshiba respectfully submits that judicial comity and case efficiencies similarly warrant a stay or administrative closure of this case pending the outcome of IPR petitions.

Dated: August 29, 2014	Respectfully submitted,

        By: /s/ Daniel J. Cloherty
           Daniel J. Cloherty
           **Collora LLP**
           100 High St., 20th Fl.
           Boston, MA 02110
           Telephone:  617-371-1000
           dcloherty@collorallp.com

           Scott F. Partridge
           Lead Attorney
           Texas State Bar No. 00786940
           BAKER BOTTS L.L.P.
           One Shell Plaza
           910 Louisiana Street
           Houston, Texas 77002
           Tel.:   (713) 229-1569
           Fax:  (713) 229-7769
           scott.partridge@bakerbotts.com

           Robinson Vu
           Texas State Bar No. 24047046
           BAKER BOTTS L.L.P.
           One Shell Plaza
           910 Louisiana Street
           Houston, Texas 77002
           Tel.:   (713) 229-1234
           Fax:  (713) 229-1522

           *Attorneys for Toshiba Corporation, Toshiba America Electronic Components, Inc., and Toshiba America Information Systems, Inc.*

# **CERTIFICATE OF SERVICE**

I, Daniel J. Cloherty, hereby certify that a true copy of the above document was served upon counsel of record for the parties through the Court's electronic court filing (ECF) system, this 29th day of August, 2014.

By: /s/ Daniel J. Cloherty
      Daniel J. Cloherty