# Exhibit 1

Trials@uspto.gov                                              Paper No. 16
571-272-7822                                    Entered:  September 9, 2014

UNITED STATES PATENT AND TRADEMARK OFFICE
_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD
_____


INTEL CORPORATION,
Petitioner,

v.

ZOND, LLC,
Patent Owner.
_____

Case IPR2014-00443
Patent 7,147,759 B2[1]
_____


Before KEVIN F. TURNER, DEBRA K. STEPHENS, JONI Y. CHANG,
SUSAN L.C. MITCHELL, and JENNIFER M. MEYER,
*Administrative Patent Judges*.

CHANG, *Administrative Patent Judge*.


ORDER
Conduct of the Proceedings
*37 C.F.R. § 42.5*

_____

[1] This Order addresses the same issue in the *inter partes* reviews identified
in the Appendix of this Order.  For efficiency, we file this Order in this case
as representative.  The parties, however, are not authorized to use this style
of filing in subsequent papers.

IPR2014-00443
Patent 7,147,759 B2

Petitioner, Intel Corporation, and Patent Owner, Zond, LLC, jointly requested the conference call with the Board, seeking authorization to file a motion to terminate in each of the *inter partes* reviews identified in the Appendix of this Order.  Those proceedings involve the following patents: U.S. Patent Nos. 6,805,779 B2, 6,806,652 B1, 6,853,142 B2, 7,147,759 B2, 7,604,716 B2, 7,808,184 B2, and 7,811,421 B2.

A conference call was held on September 8, 2014, between respective counsel for the parties and Judges Turner, Stephens, Chang, Mitchell, and Meyer.  During the conference call, the parties indicated that they have settled their dispute, and reached a settlement agreement regarding the above-identified patents.

Generally, the Board expects that a proceeding will terminate after the filing of a settlement agreement.  *See, e.g.*, Office Patent Trial Practice Guide, 77 Fed. Reg. 48,756, 48,768 (Aug. 14, 2012).  The rule governing settlement indicates that any agreement between the parties made in connection with, or in contemplation of, the termination of a proceeding shall be in writing and filed with the Board.  37 C.F.R. § 42.74.  Based on the facts before us, we authorize the parties to file a joint motion to terminate in each proceeding identified in the Appendix.

Each joint motion must include a brief explanation as to why termination is appropriate in the proceeding.  The parties also are required to file *a true copy* of the parties' settlement agreement, in accordance with 35 U.S.C. § 317(b) and 37 C.F.R. § 42.74(b).  A redacted version of the settlement agreement will not be accepted as a true copy of the settlement agreement.

2

IPR2014-00443
Patent 7,147,759 B2

The parties may request that each settlement agreement be treated as business confidential information under 37 C.F.R. § 42.74(c).  Such a request must be filed, as a separate paper, with the settlement agreement. The parties are directed to FAQ G2 on the Board's website at http://www.uspto.gov/ip/boards/bpai/prps.jsp for instructions on how to file their settlement agreement as confidential (e.g., uploading as "Parties and Board Only").

Accordingly, it is

ORDERED that the parties are authorized to file a joint motion to terminate in each proceeding identified in the Appendix; the joint motions are due no later than September 15, 2014;

FURTHER ORDERED that the parties are required to file a true copy of the parties' settlement agreement in connection with the termination of the proceeding, in accordance with 35 U.S.C. § 317(b) and 37 C.F.R. § 42.74(b);

FURTHER ORDERED that, for efficiency, the parties may file the settlement agreement for each patent, as an exhibit, in one of the proceedings involving that patent, but each joint motion to terminate must contain an appropriate reference to the settlement agreement;

FURTHER ORDERED that the parties may file a separate paper requesting that each settlement agreement be treated as business confidential information as specified in 37 C.F.R. § 42.74(c); and

FURTHER ORDERED that any confidential settlement agreement must be filed, as an exhibit, electronically in the Patent Review Processing

IPR2014-00443
Patent 7,147,759 B2


System ("PRPS") in accordance with the instructions provided on the

Board's website (e.g., uploading as "Parties and Board Only").




For PETITIONER:

Richard Goldenberg
Richard.Goldenberg@wilmerhale.com

David L. Cavanaugh
David.Cavanaugh@wilmerhale.com



For PATENT OWNER:

Gregory J. Gonsalves
gonsalves@gonsalveslawfirm.com

Bruce J. Barker
bbarker@chsblaw.com

IPR2014-00443
Patent 7,147,759 B2

# APPENDIX

U.S. Patent No. 6,805,779 B2
IPR2014-00598, IPR2014-00686, IPR2014-00765, IPR2014-00820,
IPR2014-00913
Status:  Awaiting decisions on institution

U.S. Patent No. 6,806,652 B1
IPR2014-00843, IPR2014-00923, IPR2014-00945
Status:  Awaiting decisions on institution

U.S. Patent No. 6,853,142 B2
IPR2014-00494, IPR2014-00495, IPR2014-00496, IPR2014-00497,
IPR2014-00498
Status:  Awaiting decisions on institution

U.S. Patent No. 7,147,759 B2
IPR2014-00443, IPR2014-00444, IPR2014-00445, IPR2014-00446,
IPR2014-00447
Status:  Instituted

U.S. Patent No. 7,604,716 B2
IPR2014-00520, IPR2014-00521, IPR2014-00522, IPR2014-00523
Status:  Awaiting decisions on institution

U.S. Patent No. 7,808,184 B2
IPR2014-00455, IPR2014-00456
Status:  Instituted

U.S. Patent No. 7,811,421 B2
IPR2014-00468, IPR2014-00470, IPR2014-00473
Status:  Instituted